STEVENSON, Judge.
This is an appeal from an adverse determination of a claim for unemployment compensation. We reverse.
The Unemployment Appeals Commission (Commission) reversed the referee’s order which found in favor of appellant’s entitlement to benefits. The referee found that appellant had not committed disqualifying “misconduct” because although appellant technically violated company policy, “she did not do so knowingly or willfully”. The Commission disagreed with the referee’s rationale for deciding that appellant did not knowingly and willfully violate the employer’s policies and found that the referee’s decision was “not supported by the record”.
We note that the only evidence before the Commission was the hearing officer’s order. The Commission, therefore, had an incomplete record before it, as it did not have a transcript of the hearing. An agency may not reject or modify a hearing officer’s findings of fact unless the agency first determines from a review of the complete record that there is insufficient competent evidence to support those findings of fact. National Indus. v. Comm’n On Human Relations, 527 So.2d 894, 898 (Fla. 5th DCA 1988).
In the instant case, the Commission is obliged to honor the referee’s findings concerning the absence of willfulness, wantonness and deliberateness in appellant’s actions. The Commission cannot avoid such classic factual findings by improperly treating them as conclusions of law. National.
REVERSED.
DELL, C.J., and POLEN, J., concur.